Emmett SIMS, Jr. *v.* STATE of Arkansas

95-1228                                                     930 S.W.2d 381

Supreme Court of Arkansas
Opinion delivered October 21, 1996

*McLean Law Firm*, by: *William A. McLean*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Deputy Att'y Gen., Sr. Appellate Advocate for appellee.

ROBERT H. DUDLEY, Justice. The issue in this case is whether the State is attempting to twice punish Emmett Sims, Jr., for the same offense in violation of the Double Jeopardy Clause of the United States Constitution. The trial court held that Sims was not twice punished for the same conduct. We affirm the judgment.

On April 16, 1994, after a car chase, a state trooper forced Sims's car off the road in order to arrest him. The trooper searched Sims and found he was in possession of a .38 caliber pistol and $8,603.96. During the chase, the trooper had seen Sims pitch a crumpled piece of paper out of his car window. After the arrest was completed, the trooper went back to the area where he had seen Sims throw out the crumpled paper and found one syringe containing cocaine, two additional syringes, and 3.143 grams of crack cocaine inside the crumpled paper. The State filed an information that charged Sims with possession of controlled substances with intent to deliver.

On July 29, 1994, the State filed this civil case, a forfeiture

action *in rem* against the $8,603.96, under authority of Ark. Code Ann. § 5-64-505 (Repl. 1993). Sims's attorney requested notice of a forfeiture action. Sims, by his attorney, filed an answer denying that Sims was in possession of controlled substances and claiming the money. On December 13, 1994, Sims, in the criminal case, pleaded guilty to the crime of possession of controlled substances with the intent to deliver and was sentenced.

On April 27, 1995, Sims filed a motion to dismiss this *in rem* civil action on the ground that it would be a violation of the Double Jeopardy Clause to forfeit his money after he had been sentenced for the same criminal offense. The trial court denied the motion and ordered the money forfeited. Sims appeals.

■ Sims's sole argument is that the forfeiture of the $8,603.96 amounted to double jeopardy because he had been previously punished for the same conduct upon which the forfeiture was had. Both Sims and the State rely on cases from United States Courts of Appeals. At the times their briefs were filed, there was a split of authority among the United States Courts of Appeals as to whether civil forfeitures were violative of the "multiple punishment" prong of the Double Jeopardy Clause. *See* Nancy J. King, *Portioning Punishment: Constitutional Limits on Successive and Excessive Penalties*, 144 U. Pa. L. Rev. 101, 117-25 (1995). However, after the briefs were filed, the Supreme Court settled the conflicting viewpoints in the consolidated case of *United States v. Ursery*, 116 S. Ct. 2135 (1996). In *Ursery* the Court held that civil forfeitures did not impose "punishment" for double jeopardy purposes and that an *in rem* civil forfeiture is not an additional penalty for the commission of a criminal act, but rather is a separate civil action that is remedial in nature. The heart of the holding is that a two-part test must be used to determine whether a forfeiture is "punishment" for double jeopardy purposes. That test first asks whether the General Assembly intended the particular statute at issue to be a remedial civil sanction or a criminal penalty, and second, whether the forfeiture proceedings are so punitive in fact as to establish that they may not legitimately be viewed as civil in nature, despite any legislative intent to establish a civil remedial mechanism.

■ We now turn to the first part of the test, which is whether the General Assembly intended Ark. Code Ann. § 5-64-505 to be a remedial civil sanction or a criminal penalty. This statute is part of a subchapter on the enforcement and administration of the

Uniform Controlled Substances Act. In general, the subchapter is remedial. It provides for the forfeiture of all money and property used or intended to be used to facilitate a violation of the Controlled Substances Act. The statute refers to the Arkansas Rules of Civil Procedure. The proceedings are governed by the rules of civil procedure, and the burden of proof lies upon the claimant. *Limon v. State*, 285 Ark. 166, 685 S.W.2d 515 (1985). It provides for actions *in rem*, and actions *in rem* have traditionally been viewed as civil proceedings. Scienter is not required before forfeiture can be ordered. The subsection used in this instance provides for educational programs designed to prevent and deter misuse and abuse of controlled substances. Ark. Code Ann. § 5-64-508. However, some sections have markings of a criminal sanction. Arkansas Code Annotated § 5-64-505(m) provides for *in personam* forfeiture based upon a person's conduct. In sum, we cannot say that the General Assembly has *clearly* indicated that all parts of the statute provide civil, and not criminal, sanctions.

As a result of our finding, we must examine the manner in which the statute was applied in this case. We have no hesitancy in holding that the statute was applied as a civil sanction. This suit was filed under the *in rem* provisions of the statute; it was filed against the money. The statute provides that notice to an individual is not necessary in all instances. The burden of proof was governed by the rules of civil procedure, and the burden was upon the claimant. The statute, as applied, had none of the makings of punishment.

We turn now to the second stage of analysis, and there is little evidence, much less the " 'clearest proof' " required by *United States v. Ursery*, suggesting that these forfeiture proceedings were so punitive in form and effect as to render them criminal. Forfeiture proceedings against property used to commit drug violations encourages owners to take care of property and ensures that it is not used in the drug trade. Forfeiture of property prevents illegal uses by imposing an economic penalty, thereby rendering illegal behavior unprofitable. Finally, to the extent that the statute applies to the proceeds of illegal drug activity, it serves the additional nonpunitive goal of ensuring that persons do not profit from their illegal acts. *See United States v. Ursery*, 116 S. Ct. at 2149.

We affirm the trial court and hold that the *in rem* civil forfeiture was neither "punishment" nor criminal for purposes of

the Double Jeopardy Clause.

Affirmed.