The Honorable H.G. Foster Prosecuting Attorney Twentieth Judicial District Post Office Box 1105 Faulkner County Courthouse Conway, Arkansas 72033
Dear Mr. Foster:
This is in response to your request for an opinion regarding "drug forfeiture money." It is my understanding from your letter that it has been the practice of certain of the Twentieth Judicial District Circuit Courts to judicially designate certain moneys paid by drug defendants as forfeitures and direct those forfeitures to the Twentieth Judicial District Law Enforcement Forfeitures Account. You have asked the following question regarding this issue:
 Whether moneys judicially designated as forfeitures of drug money can properly be deposited in the 20th Judicial District Law Enforcement Forfeitures Account and operated as the Prosecuting Attorney's "drug fund," which of course is audited by Legislative Audit, and whether A.C.A. § 16-92-113(a) and Op. Att'y Gen. No. 91-416 prohibit the circuit court from designating moneys forfeited and paid by drug defendants, which moneys are at least tacitly agreed by defendants to have flowed from drug operations, into a drug fund authorized by A.C.A. § [5-64-505].
It is my opinion that a circuit court may determine that certain moneys under the control of a defendant are subject to forfeiture pursuant to A.C.A. § 5-64-505. It is also my opinion that such moneys must be deposited in the special asset forfeiture fund of the attorney for the state.
In the absence of state law to the contrary, the legislature has declared that all fines, penalties, and forfeitures imposed by a court, other than city or police courts, shall be paid into the county treasury for county purposes. A.C.A. § 16-92-113(a) (1987); Op. Att'y Gen. No. 91-416; A.C.A. § 21-6-310 (1987); see also Op. Att'y Gen. No. 96-329 (the opinion generally discusses the distribution of fine proceeds absent specific statutes). The distribution, however, of money forfeited pursuant to the Arkansas Controlled Substances Act, A.C.A. § 5-64-101 et seq., is governed by A.C.A. § 5-64-505 (Repl. 1993). See Op. Att'y Gen. No.96-389. The Arkansas Supreme Court has held that a general statute does not apply when there is a specific statute covering a particular subject matter. Donoho v. Donoho, 318 Ark. 637, 887 S.W.2d 290 (1994). In the instant case, A.C.A. § 16-92-113(a) does not apply because A.C.A. §5-64-505 is a specific statute covering the particular subject matter, drug forfeiture money.
Arkansas Code Annotated § 5-64-505 provides for the forfeiture of all money and property used or intended to be used to facilitate a violation of the Controlled Substances Act. Sims v. State, 326 Ark. 296,930 S.W.2d 381 (1996). Section 5-64-505(a)(6) specifically provides that all moneys used or intended to be used to facilitate any violation of the Controlled Substances Act, including proceeds and profits traceable to an exchange for a controlled substance in violation of the Act, are subject to forfeiture. A forfeiture may be ordered by a circuit court when the court "finds upon a hearing by a preponderance of the evidence that grounds for a forfeiture exist" under the Controlled Substances Act; if the court makes such a finding, the court shall enter an order consistent with A.C.A. § 5-64-505(k). Beebe v. State, 298 Ark. 119, 765 S.W.2d 943
(1989); A.C.A. § 5-64-505(e). Section 5-64-505(k) provides that whenever property is forfeited under the Act, the circuit court shall enter an order providing that any moneys forfeited or obtained by judgment or settlement under the Act shall be deposited in the special asset forfeiture fund of the attorney for the state. Finally, under certain circumstances the circuit court may even order the forfeiture of any other property of a claimant or defendant up to the value of the claimant's or defendant's property found by the court to be subject to forfeiture under A.C.A. § 5-64-505(a). A.C.A. § 5-64-505(o).
In accordance, it is my opinion that a circuit court may determine that a specified amount of money under the control of a defendant is subject to forfeiture pursuant to A.C.A. § 5-64-505. Any moneys forfeited or obtained by judgment or settlement under the Controlled Substances Act must be deposited in the special asset forfeiture fund of the attorney for the state. See A.C.A. 5-64-505(k).
I must note that your letter also refers to an apparent conflict between A.C.A. § 16-92-113(a), Op. Att'y Gen. No. 91-416, and Faulkner County Ordinance No. 94-25. Faulkner County Ordinance No. 94-25 provides in part:
 That the Circuit, Circuit/Chancery and Chancery Courts of Faulkner County are hereby authorized to order that fines, forfeitures or restitution in criminal cases may be paid to the Faulkner County General Fund or the 20th Judicial District Law Enforcement Forfeitures Fund.
The General Assembly has enacted statutes that specify the disposition of fines, forfeitures, and restitution in criminal cases, and these statutes do not authorize a court to simply choose between the County General Fund and the Forfeitures Fund. Consequently, it is my opinion that this ordinance is in all likelihood contrary to the general laws of the State of Arkansas and thus invalid.
Arkansas Constitution Amendment 55, § 1(a), provides that a county acting through its Quorum Court may exercise local legislative authority not denied by the Constitution or by law. Arkansas Code Annotated §14-14-805(13) (1987) provides that a county quorum court exercising local legislative authority is prohibited from passing any legislative act contrary to the general laws of the state. As previously discussed, in the absence of state law to the contrary, all fines, penalties, and forfeitures imposed by a court, other than city or police courts, shall be paid into the county treasury for county purposes. A.C.A. §16-92-113(a) (1987); Op. Att'y Gen. No. 91-416. This general rule has been modified by a number of more specific state laws: The disposition of fines imposed by a circuit court in a case appealed from an inferior court are governed by A.C.A. § 16-96-403. See Op. Att'y Gen. No. 96-329. The disposition of seized property is generally governed by A.C.A. §5-5-101 (1993), and the disposition of property that is subject to forfeiture under A.C.A. § 5-64-505 is specifically provided for in §5-64-505. See Op. Att'y Gen. No. 96-389. Finally, the disposition of moneys designated as restitution are generally governed by A.C.A. §16-90-307 (1987) and A.C.A. § 5-4-205 (Repl. 1993). Although there are state laws that modify the general rule found in A.C.A. § 16-92-113(a), a quorum court is not authorized to alter the state statutory procedures for the disposition of fines, forfeitures, and restitution in criminal cases. Accordingly, it is my opinion that the Faulkner County ordinance is in all likelihood contrary to state law and thus invalid.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Warren T. Readnour.
Sincerely,
WINSTON BRYANT Attorney General
WB:WTR/cyh