The Honorable Larry Jegley Prosecuting Attorney Sixth Judicial District 122 South Broadway Little Rock, Arkansas 72201
Dear Mr. Jegley:
This is in response to your request for an opinion on the following question:
 Under A.C.A. § 12-12-313, a drug analysis report by the State Crime Laboratory, when attested to by the Director, his assistants or deputies, and when notarized,[1] shall be received as evidence without the chemist being present, unless the Defendant preserves his confrontation right by giving the statutory notice prior to the proceedings. By its own wording, A.C.A. § 5-64-707, a similar statute, applies only in a criminal proceeding. Does, however, A.C.A. § 12-12-313, which in paragraph (d)(1) states" in any court or other proceedings," also apply in a civil in rem forfeiture proceeding under A.C.A. § 5-64-505?
In my opinion, A.C.A. § 12-12-313(d) (Repl. 1995) may, in all likelihood, be utilized in a forfeiture proceeding held pursuant to A.C.A. § 5-64-505 (Repl. 1993).
Arkansas Code Annotated § 5-64-505 is part of a subchapter on the enforcement and administration of the Arkansas Uniform Controlled Substances Act, A.C.A. § 5-64-101 et seq. The statute provides for the forfeiture of all money and property used or intended to be used to facilitate a violation of the Controlled Substances Act. See Sims v.State, 326 Ark. 296, 930 S.W.2d 381 (1996). The forfeiture action is anin rem civil proceeding, independent of any criminal charges that may be pending. Id.; Lewis v. State, 309 Ark. 392, 831 S.W.2d 145 (1992).
Arkansas Code Annotated § 5-64-707(a) (Repl. 1993) is part of a subchapter relating to the Controlled Substances Act; the statute provides in part:
 In any criminal prosecution for an alleged violation of [the Controlled Substances Act], records and reports of any relevant drug analysis made by the Arkansas Department of Health, Bureau of Environmental Health Services, Division of Environmental Services, Drug Laboratory, shall be received as competent evidence as to matters contained therein in any preliminary hearing when attested to by the Director of the Department of Health, his assistants or deputies.
(Emphasis supplied.) As noted in your letter, this statute provides that it is applicable only in a criminal prosecution. Section 5-64-707 was enacted by Act 356 of 1977. Since the passage of Act 356, the General Assembly has enacted two acts that specifically address the admissibility of reports from the State Crime Laboratory. In 1979, the General Assembly enacted Act 864 which provides in part:
 The records and reports of autopsies, evidence analysis, drug analysis and any investigations made by the State Crime Laboratory under the authority of this Act shall be received as competent evidence as to the matters contained therein in the Courts of this State subject to the applicable rules of criminal procedure when duly attested to by the Executive Director or his assistants, associates or deputies.
Act 864 of 1979, § 18 [now codified as A.C.A. § 12-12-313 (a)-(c) (Repl. 1995)]. In 1989, the General Assembly enacted Act 889 which provides in part:
 SECTION 1. (a) All records and reports of evidence analysis of the Arkansas State Crime Laboratory shall be received as competent evidence as to the facts in any court or other proceeding when duly attested to by the employee who performed the analysis.
 (b) The defendant shall give at least ten (10) days notice prior to the proceedings that he requests the presence of the employee of the State Crime Laboratory who performed the analysis for the purpose of cross-examination.
 SECTION 2. Nothing in this act shall be construed to abrogate the defendant's right to cross-examination.
(Emphasis supplied.) Act 889 of 1989 is now codified as A.C.A. §12-12-313(d) (Repl. 1995).
The first rule in considering the meaning of a statute is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. Mountain Home Sch. Dist. v. T.M.J. Builders,313 Ark. 661, 858 S.W.2d 74 (1993). The basic rule of statutory construction to which all other interpretive guides must yield is to give effect to the intent of the legislature. Id. Where the language of a statute is plain and unambiguous, the court will determine legislative intent from the ordinary meaning of the language used. Id.
It is my opinion that the language of Act 889, which is the most recent expression of legislative intent, is plain and unambiguous. The Act clearly provides that the records and reports of evidence analysis of the State Crime Laboratory shall be received as competent evidence in anycourt or other proceeding when duly attested to by the employee who performed the analysis. In Opinion No. 91-025, I opined that the phrase "other proceeding" reasonably encompassed a coroner's inquest. Similarly, it is my opinion that the phrase "any court or other proceeding" in all likelihood encompasses a forfeiture proceeding held pursuant to A.C.A. § 5-64-505.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Warren T. Readnour.
Sincerely,
WINSTON BRYANT Attorney General
WB:WTR/cyh
[1] The Arkansas Supreme Court has commented that there is no notarization requirement in A.C.A. § 12-12-313. Dodson v. State,326 Ark. 637, 934 S.W.2d 198 (1996); Willis v. State, 309 Ark. 328,829 S.W.2d 417 (1992).