STATE of Arkansas *v.* Leon Jackson RICE

CR 97-301                              947 S.W.2d 3

Supreme Court of Arkansas
Opinion delivered June 23, 1997

*Winston Bryant*, Att'y Gen., by: *Gil Dudley*, Asst. Att'y Gen., for appellant.

*William R. Simpson, Jr.*, Public Defender, by: *Deborah R. Sallings*, Deputy Public Defender, for appellee.

ANNABELLE CLINTON IMBER, Justice. The State has appealed the trial court's dismissal, on double jeopardy grounds, of a felony charge and a revocation petition. We dismiss the appeal involving the revocation petition, and reverse and remand finding that the trial court erroneously dismissed the felony charge.

On July 16, 1995, Leon Jackson Rice was pulled over during a traffic stop. The investigating officer arrested Rice for possession of a controlled substance. On August 31, 1995, the State filed a civil *in rem* forfeiture action against Rice's seized vehicle pursuant to Ark. Code Ann. § 5-64-505(a)(6) (Repl. 1993). The case was filed in Pulaski County circuit court and styled "State of Arkansas, Petitioner, vs. One 1985 Chevrolet Caprice VIN #IN69JAJ111615, Defendant, Leon Rice, Potential Claimant."

On January 26, 1996, the State obtained a default judgment in the forfeiture action.

On September 26, 1995, the State filed an information against Rice charging him with possession of a controlled substance with intent to deliver. On November 28, 1995, the State filed an amended petition for revocation alleging that Rice violated the terms of his prior probationary sentence due to his drug possession.

Rice filed a motion to dismiss the charge and the revocation petition on double jeopardy grounds, arguing that the civil forfeiture of his vehicle was punishment barring further criminal prosecution. The trial court granted the motion to dismiss, and the State now appeals the order, arguing that the trial court erroneously determined that double jeopardy barred the prosecution and revocation.

### 1. Appellate Jurisdiction — Appeal from Dismissal of Petition for Revocation.

■ Rice essentially concedes the merits of the case, but instead argues that this court lacks jurisdiction to entertain the State's appeal. Arkansas Rule of Appellate Procedure—Criminal 3(b) (formerly codified as Ark. R. Crim. P. 36.10(b)) allows the State to appeal following a felony or misdemeanor prosecution. Additionally, the attorney general must inspect the record and be satisfied that error has prejudiced the State, and that the correct and uniform administration of the criminal law requires our review. Ark. R. App. P.—Crim. 3(c). Pursuant to the rule, this court accepts appeals by the State "when our holding will set a precedent that would be important to the correct and uniform administration of justice." *State v. Townsend*, 314 Ark. 427, 863 S.W.2d 288 (1993).

■ Rice independently asserts that even if the State may appeal from the dismissal of the felony charge, it may not appeal the dismissal of the revocation petition given that it is not an appeal "following either a misdemeanor or felony prosecution" as required by Ark. R. App. P.—Crim. 3(b). Rice cites to *State v. Hurst*, 296 Ark. 132, 752 S.W.2d 749 (1988), where this court

plainly held that the State may not appeal from the dismissal of a petition to revoke a felon's probation under Rule 36.10. We agree that *Hurst* is controlling and dismiss the State's appeal from the dismissal of the revocation petition.

2. *Appellate Jurisdiction — Appeal from Dismissal of Possession of Controlled Substance Charge.*

We have accepted State's appeals generally involving double jeopardy issues. *See, e.g., State v. Thornton*, 306 Ark. 402, 815 S.W.2d 386 (1991); *State v. McMullen*, 302 Ark. 252, 789 S.W.2d 715 (1990); *compare with State v. Banks*, 322 Ark. 344, 909 S.W.2d 634 (1995) (dismissing State's appeal where federal statute at issue declared unconstitutional). We find that the State's appeal involving the dismissal of the felony charge implicates the correct and uniform administration of the criminal law and requires our review. It is true that subsequent to the trial court's ruling from the bench (but before the entry of the actual order of dismissal *nunc pro tunc*), *United States v. Ursery*, 116 S. Ct. 2135 (1996) and *Sims v. State*, 326 Ark. 296, 930 S.W.2d 381 (1996) were handed down and definitively resolved whether a civil *in rem* forfeiture constitutes punishment for purposes of double jeopardy.[1] However, despite the fact that we have established a precedent, reaching the merits of this case will result in a *uniform* application of the criminal law. *See State v. Dennis*, 318 Ark. 80, 883 S.W.2d 811 (1994) (acceptance of State's appeal despite existing precedent in order to establish uniform application of sentencing law). Moreover, in *Sims v. State*, 326 Ark. 296, 930 S.W.2d 381 (1996), we could not say that the General Assembly clearly indicated that forfeiture under Ark. Code Ann. § 5-64-505 was always civil in

---

[1] One of Rice's jurisdictional arguments is that the trial court had discretion to grant the dismissals given that at least two federal circuits had held that civil *in rem* forfeiture could constitute punishment for purposes of double jeopardy analysis. However, in *United States v. Ursery*, 116 S. Ct. 2135 (1996) the Supreme Court simply reversed these rulings and settled the law, holding that the Sixth and Ninth Circuit Courts of Appeals had *deviated* from a "long line of precedent" reflecting the Court's "traditional understanding that civil forfeiture does not constitute punishment for the purpose of the Double Jeopardy Clause." The present case bears no resemblance to a situation where a change in law might implicate the prohibition against *ex post facto* laws. *See Mauppin v. State*, 309 Ark. 235, 831 S.W.2d 104 (1992).

nature. Because of this, the *Sims* court had to "examine the manner in which the statute was applied" to the facts of the particular case. *Id.* Therefore, while *Sims* is authority for finding that civil forfeiture under Ark. Code Ann. § 5-64-505 is not punishment for double jeopardy purposes, the analysis also hinges on how the statute was applied in the particular case. Thus, acceptance of this appeal fosters the correct and uniform application of the law by proceeding with an analysis of Ark. Code Ann. § 5-64-505 as applied in this case.

*3.   Section 5-64-505 Forfeiture Action — Double Jeopardy Analysis.*

In *Sims v. State,* 326 Ark. 296, 930 S.W.2d 381 (1996), we considered whether the appellant's prior conviction for possession of controlled substances with intent to deliver barred a subsequent § 5-64-505 forfeiture action brought against the $8,603.19 in the possession of the appellant at the time of his arrest. Relying on a two-part analytical framework reaffirmed by the United States Supreme Court in *United States v. Ursery,* 116 S. Ct. 2135 (1996), the *Sims* court determined that the forfeiture action was not "punishment" under the Double Jeopardy Clause.

We first examined whether the General Assembly intended for proceedings under Ark. Code Ann. § 5-64-505 to be criminal or civil. While the statute was generally remedial, some subsections had the "markings" of a criminal sanction. Thus, "we [could] not say that the General Assembly has *clearly* indicated that all parts of the statute provide civil, and not criminal, sanctions." *Sims v. State, supra.* (emphasis in original). As a result of this finding, the *Sims* court had to examine how the statute was applied in the particular case. The lawsuit was filed under the *in rem* provisions of the statute, and was filed against the appellant's money. Additionally, the rules of civil procedure governed the burden of proof, which was on the claimant. The statute as applied thus had "none of the ma[r]kings of punishment" and was applied as a civil sanction.

Next, the *Sims* court examined whether there was the "clearest proof" required to show that the forfeiture proceedings under

Ark. Code Ann. § 5-64-505 were so punitive in form and effect so as to render them criminal. The court found no such evidence:

> Forfeiture proceedings against property used to commit drug violations encourages owners to take care of property and ensures that it is not used in the drug trade. Forfeiture of property prevents illegal uses by imposing an economic penalty, thereby rendering illegal behavior unprofitable. Finally, to the extent that the statute applies to the proceeds of illegal drug activity, it serves the additional nonpunitive goal of ensuring that persons do not profit from their illegal acts. *See United States v. Ursery*, 116 S. Ct. at 2149.

*Sims v. State, supra.* The *Sims* court concluded its analysis and held that the *in rem* civil forfeiture was not punishment for purposes of the Double Jeopardy Clause.

■ In the present case, as in *Sims*, there is little evidence suggesting that the forfeiture proceeding against Rice's vehicle was so punitive in form and effect so as to render the proceeding criminal. Moreover, the statute, as applied, was not used as a criminal penalty. The State brought the action under the *in rem* portion of the statute, and the action was brought against Rice's vehicle. In sum, the forfeiture action was civil in nature and did not constitute "punishment" for purposes of double jeopardy. Therefore, the trial court erred in concluding that the forfeiture barred Rice's subsequent prosecution on the possession charge.

■ Because we conclude that the trial court erred in dismissing the felony charge, we address Rice's contention that the Double Jeopardy Clause bars a remand of the case. Clearly, the trial court's dismissal of the charge on double jeopardy grounds was not an acquittal on that charge. *See United States v. Scott*, 437 U.S. 82 (1978). Moreover, this court has previously reversed and remanded where the trial court erroneously dismissed charges on double jeopardy grounds. *See State v. McMullen, supra.* Accordingly, we reverse the trial court's order dismissing the charge of possession of a controlled substance with intent to distribute and remand for further proceedings consistent with this opinion.

Dismissed in part; reversed and remanded in part.