OPINION AND ORDER

The primary issues in this appeal are whether 1) a prosecutor may appeal a criminal dismissal and 2) If she cannot appeal a criminal dismissal what are her options?
FACTUAL AND PROCEDURAL BACKGROUND
On September 14, 1997, Appellant, the Hopi Tribe charged Respondent, Ray Sah-mea with violations of criminal code 21.3.3.5 Assault and Battery on a Tribal Official[1], 21.3.3.69 Resisting Lawful Ar *375 rest'[2], and 21.3.3.48 Intoxication[3]. The Appellants claimed that Sahmea resisted arrest by hitting a tribal officer, and “fighting and kicking at the officers who were trying to calm him down.” On September 15, Sahmea appeared before the Hopi Tribal Court for arraignment and pled guilty to all three charges. The Trial Judge dismissed the Assault and Battery on a Tribal Official and sentenced Sahmea to a total of 75 days in jail for the other two charges.
On November 4, the Hopi Tribe asked the Court to reconsider dismissing the charge of Assault and Battery on a Tribal Official. On November 5th, the Court denied the Motion of Reconsideration. On November 7, the Hopi Tribe gave Notice of Appeal under Rule 37 of the Hopi Rules of Civil and Criminal Procedure. Appellant claims the Court erred in its determination of the law when the trial court dismissed the complaint of Assault and Battery on a Tribal Official.
On March 19, 1998, Prosecutor for the Hopi Tribe, & Respondent pro se appeared in front of the Hopi Appellate Court for oral arguments. At the oral arguments the court questioned sua sponte whether the Prosecutor had the right to appeal a dismissed criminal charge, and if not, what are the alternatives? The issue on appeal was whether the trial court erred in determining that double jeopardy is a viable defense when two distinct criminal charges are supported by exactly the same facts.

DECISION OF THE COURT

I. Prosecutor's Right to Appeal

The Hopi Tribe does not have the right to appeal a dismissed criminal charge. The Appellants claim this right pursuant to Rule 37 of the Hopi Rules of Criminal and Civil Procedure.[4] Hopi Appellate case, Hopi Tribe v. Huma, provides an exception to the general right to appeal which is extended to bar prosecution in the instant case. AP-004-92 # 1900/91
The Appellate court in oral arguments raised the issue of the prosecutor’s right to appeal a dismissal sua sponte. The Prosecutor argued that she should be able to review dismissed criminal prosecutions because the appellate court needs to review errors of law to give trial judges and prosecutor’s guidance in future prosecutions. Respondent countered that he was ready to plead guilty at the original hearing, and he would have already been out of jail by now on all three charges had he been allowed to plead guilty. It did not seem fair that because the judge or prosecutor made a mistake in dismissing the charge, his life may once again be disturbed and he may go back to jail.
The only statute in the Hopi code which expressly discusses who has a right to appeal is Rule 37 of the Hopi Rules of *376 Criminal and Civil Procedure[5]. In Huma, the Court of Appeals held that a prosecutor may not appeal an acquittal. The Court based their decision on the double jeopardy clause in the Indian Civil Rights Act of 1968 (ICRA). The decision acknowledged that Hopi has not directly accepted ICRA, but explains that the double jeopardy clause has been interpreted to forbid the review of an acquittal. “At the heart of this policy is the concern that permitting the sovereign freely to subject the citizen to a second trial for the same offense would arm Government with a potent instrument." Huma, at 3 (quoting Green v. United States, 355 U.S. 184, 188, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957))
For Double Jeopardy purposes a dismissal will be treated as functionally equivalent to an acquittal. The Huma court explains that upholding the double jeopardy clause will protect both society and the defendant. “The doctrine thus selves the purpose of allowing the general population to feel secure from government oppression, increases confidence in the courts, and provides a form of finality to individual defendants.” pg. 4
Federal and State courts look at dismissal in three distinct ways for double jeopardy purposes. Some federal and state courts hold that a dismissal is not the same as an acquittal and when a trial court erroneously dismisses the charge the prosecution is not barred from appealing the case. State v. Rice 947 S.W.2d 3, 329 Ark. 219 (1997); McGraw v. State 688 So.2d 764 (Miss.1997); U.S, v. Secdey, 957 F.2d 767 (1989). The reasoning behind this group’s holding is that no factual issues were actually resolved, so the defendant should not expect any finality. The prosecutor in the instant case argued that a dismissal in this ease is different than an acquittal because the trial court judge was not given all the facts involved in the case.
A second group of courts has decided that a dismissal is functionally equivalent to an acquittal for purposes of an appeal, but carves out an exception to this rule where the prosecutor can show the trial court committed manifest injustice. Tyson v. State, 954 S.W.2d 80 (Ala.1992). Manifest injustice, in these cases, is limited to situations where the judge is affected by external bias. The burden is on the prosecutor to show why their case should be appealed, but ordinary judicial error does not meet this burden.
A third group of courts, including Arizona courts, have held that a dismissal is functionally equal to an acquittal and can never be appealed. Indiana v. Nikkolanko 687 N.E.2d 587 (1991); Texas Dept, of Public Safety v. Stacy, 954 S.W.2d 80 (1982) For policy reasons, this is the position we have chosen. The interest of the Hopi courts in increasing people’s confidence in them remains the same, whether Sahmea was acquitted or the claim against him was dismissed. Likewise Sahmea would be subject to the same anxiety and insecurity of an acquitted man if he knew the dismissal could be reversed at any time. In the instant case had the judge not dismissed the charge, Sahmea would have served all of his jail time by the time of the appeal and been able to move on with his life. It is unthinkable that because the judge or prosecutor may have erred, the defendant should be placed once more in jeopardy.
Based on Huma and the basic reasoning behind the double jeopardy jurisprudence, the Prosecutor is barred from appealing Sahmea’s case. The Court recognizes that this decision limits the prosecutor. However the Prosecutor is not left without possible recourse when the trial *377 judge errs. The Prosecutor may have the option to bring an extraordinary writ or get a certified question of law brought to the appellate court.
A. Extraordinary Writ
In certain specific circumstances, the Prosecutor may be able to get an extraordinary writ under Rule 35[6] of the Hopi Criminal and Civil Code. The prosecutor will have to show that the trial judge has exceeded its jurisdiction or abused its discretion. Therefore if the trial judge dismisses a claim against the defendant because of a bribe or other external circumstances which are an abuse of his discretion. The Prosecutor can appeal the judge’s decision by way of an Extraordinary writ which if granted will enjoin the judge to perform within the limits of his ordinary discretion.
B. Certified Questions of Hopi Law
Under 1.2.8 of Hopi Ordinance 21[7], a Prosecutor is considered an “administrative agency” and therefore may present certified questions to the appeals or trial court. A certification order shall set forth the question of law to be answered and a statement of all facts relevant to the questions certified and showing the full nature of the controversy in which the questions arose. The appellate court will issue an advisory opinion explaining the applicable law for future cases. The advisory opinion is in no way binding or retroactive to defendants who have already been acquitted, or whose charges have been dismissed.

ORDER OF THE COURT

For the foregoing reasons, the appeal is dismissed. The Court however will grant the certified question of law and issue an advisory opinion on whether double jeopardy exists when a defendant is charged with two crimes based on the same set of facts (see Addendum). The Court will also issue an Order explaining the procedure for certifying a question of Hopi law.
Advisory Opinion to Certified Question of Law #1-11/29/98
Certified Question;
*378 Did the trial court err in determining that double jeopardy is a viable defense when two criminal charges are supported by exactly the same facts?
Before SEKAQUAPTEWA, Chief Justice, and LOMAYESVA and ABBEY Justices.

FACTUAL AND PROCEDURAL BACKGROUND

The Appellant, the Hopi Tribe charged Respondent with violations of criminal code 21.3.3.5 Assault and Battery on a Tribal Official, 21.3.3.69 Resisting Lawful Arrest, and 21.3.3.48 Intoxication. The Appellants claimed that Respondent resisted arrest by hitting a tribal officer, and “fighting and kicking at the officers who were trying to calm him down.” Respondent appeared before the Hopi Tribal Court for arraignment and pled guilty to all three charges. The Trial Judge dismissed the Assault and Battery on a Tribal Official and sentenced Respondent to a total of 75 days in jail for the other two charges.
The Hopi Tribe, then asked the Court to reconsider dismissing the charge of Assault and Battery on a Tribal Official. The Hopi Tribe gave Notice of Appeal under Rule 37 of the Hopi Rules of Civil and Criminal Procedure. Appellant claims the Court erred in its determination of the law when the trial court dismissed the complaint of Assault and Battery on a Tribal Official.
Prosecutor for the Hopi Tribe, & Respondent pro se appeared in front of the Hopi Appellate court for oral arguments. The court granted a certified question of law as to whether the trial court erred in determining that double jeopardy is a viable defense when two distinct criminal charges are supported by exactly the same facts.

Decision of the Court

In the instant case the trial judge dismissed the Assault and Battery on a Tribal Official complaint because she determined the facts supporting both the charges of Resisting Lawful Arrest and Assault and Battery on a Tribal Official were essentially the same, in other words, she believed double jeopardy existed.
Double jeopardy is not mentioned in the Hopi Constitution nor ordinance 21. However, ICRA established that no Indian tribe may “subject any person for the same offense to be put twice in jeopardy.” 25 U.S.C. § 1302(3). This language is taken directly from the United States Constitution. U.S.C.A. Const. Amend. 5. The Hopi Tribe has not directly accepted ICRA, but has not rejected it either. Huma, AP-004-92
Double jeopardy doctrine is well established in the United States criminal law and is applied in diverse places. In the instant case the prosecution is appealing based on their belief that the Trial judge erroneously determined that double jeopardy existed where defendant was charged with two crimes for only one act. However, whether or not the Hopi Tribe adopts the term double jeopardy as established in ICRA ant the United States law, it is an issue of first impression for the Hopi courts to determine whether a single act can constitute multiple offenses. Likewise, no other tribal courts have decided this issue.
In the instant case the Prosecutor argues that double jeopardy protection should not apply here because the Supreme Court has approved conviction of two offenses based on the same act as long as each offense requires proof of a different element despite substantial overlap in evidence. Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 *379 (1932) This Court will adopt Blockburger to determine whether the same act constitutes a violation of two distinct statuary provisions. Under this standard double jeopardy protection would not apply to Respondent.
While the facts stated on the instant complaint are similar, Assault and Battery on a Tribal Official and Resisting Lawful Arrest are two different offenses and they require different elements to prove a person guilty. To convict under HTO, Section 3.33.55., Prosecution must prove defendant willfully struck, or otherwise inflicted bodily injury on a Police Officer, or person officially acting for the Tribal government. However to convict under HTO 211, Section 3.3.69., the Hopi Tribe must prove defendant willfully and knowingly resisted lawful arrest by force, violence or other means. It is clear that there is no requirement under Section 3.3.5 that an arrest be occurring, and section 3.3.69 does not require a showing that a victim was a police officer or person officially acting for the Tribal Government, or that bodily injury was inflicted. Consequently, double jeopardy protection need not be applied in this case.
Interim Order: Procedure for Certified Question of Law for Issues of Law within the Criminal Jurisdiction for the Hopi Tribal Courts #11-20-98-2
Under 1.2.8 of Hopi Ordinance 21 [1], a Prosecutor is considered an “administra-five agency” and therefore may present certified questions to the appeals or trial court. A certification order shall set forth the question of law to be answered and a statement of all facts relevant to the questions certified and showing the full nature of the controversy in which the questions arose. The appellate court will then issue an advisory opinion explaining the applicable law for future cases. However the advisory opinion is in no way binding or retroactive to defendants who have already been acquitted, or whose charges have been dismissed.
The prosecutor may link several cases in which the same legal issues arise.
In order for a prosecutor to certify questions already heard in a lower court to a higher court there must be the following elements:
(a) the question must be one of legal doubt requiring a final determination of law;
(b) must be a question of material importance or an issue of substantial public interest;
Because of concerns regarding fair and speedy trials, the appellate court will not answer issues related to a pending trial. The appeals court has exercise of sound discretion whether or not to hear a Certified Question and may also opt to decide a Certified Question without oral arguments. Therefore in the order from the prosecutor asking the certified question, reasons for requesting oral arguments should be attached.
*380 All Certified Questions will be subject to a review and comment period, where the question involved will be posted and distribution to Hopi Legal Services and the Chief Judge of the Hopi Trial Court. Interested parties are encouraged to submit memorandum stating arguments relating to the issue.
The opinion of an appellate court on a certified question will relate solely to the question binding and neither by implication nor otherwise will the court express any opinion on any other question arising from the facts stated. Therefore the answer to a certified question cannot retroactively affect a defendant whose case has already been acquitted or dismissed.
This is an interim order pursuant to a 60 day review & comment period. Comments or questions regarding certified questions of law should be sent to:
Pat Sekaquaptewa
Hopi Appellate Court
PO Box 156
Kearns Canyon, Arizona 86034

. 21.3.3.5 ASSAULT & BATTERY ON A TRIBAL OFFICIAL Any Indian who shall willfully strike any Tribal official or police officer, or any person who is officially acting for the *375 Tribal government, or otherwise inflict bodily injury, or who shall be offering violence, cause another to harm himself, shall be deemed guilty of an offense.

. 21.3.3.69 RESISTING LAWFUL ARREST Any Indian who shall willfully and knowingly by force or violence or other means, resist or assist another to resist a lawful arrest shall be deemed guilty of an offense.

. 2 i .3.3.48 INTOXICATION (a) Any Indian is guilty of intoxication if his mental or physical capabilities are disturbed from the introduction of alcohol or a controlled substance into the body.

. Rule 37 APPEAL
b) Right to Appeal. Any party who is aggrieved by any final order, commitment or judgement of the trial court may appeal in the manner prescribed by this Rule.

. Id.

. Rule 35 EXTRAORDINARY WRITS
a) Grounds for Relief. Where no other plain, speedy and adequate remedy exists, relief may be obtained by obtaining an extraordinary writ which may be granted for any one of the following grounds:
1) Where any person usurps, intrudes into, or unlawfully holds or exercises a public office or does or permits to be done any act which by law works a forfeiture of his office; or
2) Where an inferior tribunal, board or officer exercising judicial functions has exceeded its jurisdiction or abused its discretion; or
3) Where the relief sought to compel any inferior tribunal, board or person to perform an act which the law specially enjoins as a duty resulting from an office, trust or station; or to compel the admission of a party to the use and enjoyment of a right or office to which he is entitled and from which he is lawfully excluded by such inferior tribunal board or person; ...

. 21.1.2.8 CERTIFIED QUESTIONS OF HOPI LAW
(a) The Hopi Tribal Court and Appeals shall have jurisdiction to answer questions of Hopi tribal law, including Hopi constitutional law, certified from any tribal, federal, or state court or from any tribal, federal or state administrative agency
(b) The Hopi Tribal Court of Appeals shall have jurisdiction to answer questions of Hopi constitutional law, certified to it by the Hopi Tribal Council
(c) The Hopi Tribal Court of Appeals shall expedite consideration of any certified questions of law. In the exercise of sound discretion, the Hopi Tribal Court of Appeals may decline to answer questions certified to it.
(d) The Hopi Tribal Court of Appeals may Issue rules of administrative orders appropriate to the processing of certified questions.

. 21.1.2.8 CERTIFIED QUESTIONS OF HOPI LAW
(a) The Hopi Tribal Court and Appeals shall have jurisdiction to answer questions of Hopi tribal law, including Hopi constitutional law, certified from any tribal, federal, or state court or from any tribal, federal or state administrative agency
(b) The Hopi Tribal Court of Appeals shall have jurisdiction to answer questions of Hopi constitutional law, certified to it by the Hopi Tribal Council
(c) The Hopi Tribal Court of Appeals shall expedite consideration: of any certified questions of law. In the exercise of sound discretion, the Hopi Tribal Court ot Appeals may decline to answer questions certified to it.
(d) The Hopi Tribal Court of Appeals may issue rules of administrative orders appropriate to the processing of certified questions.