The Honorable Roger Smith State Representative 13 South Pego Way Hot Springs Village, AR 71909-2828
Dear Representative Smith:
You have requested my official opinion on certain issues related to the offense of driving while intoxicated (DWI).
You state that your questions are presented on behalf of a constituent, about whom you give the following information: The constituent was convicted of multiple offenses of driving while intoxicated. He was also convicted of refusing to submit to a breathalyzer test. At the time of his last conviction, the court ordered him to attend 25 AA meetings, serve 10 days in jail, pay a fine, and attend the Driver Control Class, and possibly some other requirements. He has now complied with and completed all of the court's orders. When he applied to have his driver's license reinstated, he was informed that he would be required to repeat the driver safety school for each conviction and pay for reinstatement.
On the basis of these facts, you have presented the following questions:
 (1) Does the law allow Driver Control to require one who has multiple convictions of DWI and/or refusal to take a breath test to meet requirements that were not ordered by the court in order to have his driver's license reinstated?
 (2) Does the law allow Driver Control to require one who has multiple convictions of DWI (and has never had his license reinstated) to repeat the Driver Control School, Alcohol Abuse class, or other rehab programs for each offense in order to have his driver's license reinstated?
 (3) Does the law allow Driver Control to charge one with multiple convictions a reinstatement fee for each conviction of DWI to have his license reinstated, when he has not previously had his license reinstated for any of the offenses?
 (4) Is it constitutional for the state to charge and collect money (by way of fees) as a "source of revenue" from people convicted of traffic offenses in order to have their driver's licenses reinstated? If constitutional, does the law allow such charges?
Before addressing your questions, I must note two preliminary matters. First, in responding to your questions, I will assume that the term "Driver Control," as used in your questions, refers to the Office of Driver Services, an office of the Arkansas Department of Finance and Administration that is statutorily charged with the responsibility of administering the laws of the state regarding the licensing of motor vehicle drivers and the suspension and revocation of drivers' licenses.See A.C.A. § 27-16-402.
Second, the particular facts of each case will impact the result of the application of the law to the case. I do not purport to address any particular case in this opinion, or the result of the application of the law to that case. Rather, I will limit my discussion to a review of the applicable law. The results of the application of that law may vary from case to case, depending upon the particular facts of the case.
RESPONSE
Question 1 — Does the law allow Driver Control to require one who hasmultiple convictions of DWI and/or refusal to take a breath test to meetrequirements that were not ordered by the court in order to have hisdriver's license reinstated?
The Office of Driver Services is authorized to require proof that the requirements that are imposed by law upon DWI offenders as conditions for reinstatement have been met. As discussed below, however, the law does not clearly set forth the requirements that are to be imposed upon multiple DWI offenders as conditions for reinstatement.
Arkansas law sets forth certain conditions that must be met before a DWI offender whose driver's license was suspended or revoked can have the license reinstated. These conditions are set forth in virtually identical form at various locations in the Arkansas Code, all of which require the offender to provide proof that he has attended and completed an alcohol treatment or education program that is mandated by law. See A.C.A. §5-65-104; A.C.A. § 5-65-115; A.C.A. § 5-65-307; A.C.A. § 5-65-402.
The issue that is unclear is whether the law requires a multiple DWI offender to attend and complete the alcohol treatment or education program for each DWI offense on his record. The language of the applicable statutes does not squarely address this question, nor have the courts addressed it. Pending judicial or legislative clarification of this issue, it is my opinion that a multiple DWI offender is required to attend the alcohol treatment or education program for each time that his license was suspended or revoked. If his license was suspended or revoked only once, the statutes require attendance of the program only once, even if he has more than one DWI offense on his record. I will explain the basis for this view below.
Attendance and completion of the alcohol treatment or education program is required each time an individual's license is suspended or revoked. This requirement is stated in A.C.A. § 5-65-104(b)(1), as follows:
 (b)(1) Any person whose license is suspended or revoked pursuant to this section shall be required to complete an alcohol education program as prescribed and approved by the Highway Safety Program or an alcohol treatment program as approved by the Bureau of Alcohol and Drug Abuse Prevention of the Department of Health, unless the charges are dismissed or the person is acquitted of the charges upon which the suspension or revocation is based.
 (2) A person whose license is suspended or revoked pursuant to this section shall furnish proof of attendance at, and completion of, the alcoholism treatment or education program before reinstatement of his or her suspended or revoked driver's license or shall furnish proof of dismissal or acquittal of the charge on which the suspension or revocation is based.
A.C.A. § 5-65-104.
Similarly, A.C.A. § 5-65-115 states in pertinent part:
 (a)(1) Any person whose driving privileges are suspended or revoked for violating § 5-65-103 shall be required to complete an alcohol education program as prescribed and approved by the Highway Safety Program or an alcoholism treatment program as approved by the Bureau of Alcohol and Drug Abuse Prevention of the Department of Health, in addition to other penalties provided by law.
* * *
 (b)(1) A person whose license is suspended or revoked for violating § 5-65-103 shall:
 (A)(i) Furnish proof of attendance at and completion of the alcoholism treatment or education program before reinstatement of his or her suspended or revoked driver's license[.]
A.C.A. § 5-65-115(a)(1) and (b)(1)(A)(i).
The requirement of attending the alcohol treatment or education program is clearly linked to the suspension or revocation of drivers' licenses and is imposed each time an offender's license is suspended or revoked. If a DWI offender's license is suspended or revoked after his first offense, and he does not obtain reinstatement of his license, but nevertheless drives again and commits subsequent DWI offenses, his license cannot be suspended at the time of the subsequent offenses, because he has no license to suspend. Moreover, his "driving privileges" cannot be suspended, because he has no such privileges. It is my understanding that in such cases, the courts typically extend the previous suspension of the offender's license. If that is what occurs, the offender has, in essence, received only one suspension. Accordingly, under the language of the statutes quoted above, he is required to attend and complete the alcohol treatment or education program only once. It follows that the Office of Driver Services can only require that such an offender provide proof that he attended and completed one alcohol treatment or education program as a condition for reinstating his license.
In addition, however, the following provision should be noted:
 (3) If a person is a resident who is convicted of driving without a license or permit to operate a motor vehicle and the underlying basis for the suspension, revocation, or restriction of the license was for a violation of § 5-65-103, the court may order, in addition to any other penalties provided for under law, that the Office of Driver Services issue only an ignition interlock restricted permit for a period of one (1) year prior to the reinstatement or reissuance of a license or permit after the person would otherwise be eligible for reinstatement or reissuance of the person's license.
A.C.A. § 5-65-104(a)(3).
I reiterate that the issue you have raised is not squarely addressed by the language of the statutes and could benefit from judicial or legislative clarification.
Question 2 — Does the law allow Driver Control to require one who hasmultiple convictions of DWI (and has never had his license reinstated) torepeat the Driver Control School, Alcohol Abuse class, or other rehabprograms for each offense in order to have his driver's licensereinstated?
As discussed in response to Question 1, attendance and completion of the referenced alcohol treatment or education program is required each time a person's driver's license is suspended or revoked because of a conviction of DWI. See A.C.A. § 5-65-104(b)(1) and A.C.A. § 5-65-115(b)(1). In order to reinstate the license after each such suspension or revocation, the Office of Driver Services must be provided with proof of completion of the program.
As also discussed in response to Question 1, an offender whose license was suspended or revoked after his first offense, who never had the license reinstated, and who had the suspension or revocation extended upon subsequent offenses, has still received only one suspension, and is thus required to attend the alcohol treatment or education program only once as a condition to reinstatement of his license.
Question 3 — Does the law allow Driver Control to charge one withmultiple convictions a reinstatement fee for each conviction of DWI tohave his license reinstated, when he has not previously had his licensereinstated for any of the offenses?
Arkansas law authorizes the imposition of two reinstatement fees, but these can only be imposed once for each reinstatement, regardless of the number of offenses the driver in question may have on his record.[1]
The fees for reinstatement are set forth at various locations in the code, recited below.
A.C.A. § 5-65-119 states in pertinent part:
 The Office of Driver Services of the Department of Finance and Administration shall charge a fee of one hundred fifty dollars ($150) for reinstating a driving privilege suspended or revoked because of an arrest for operating or being in actual physical control of a motor vehicle while intoxicated or while there was an alcohol concentration of eight-hundredths (0.08) or more in the person's breath or blood, § 5-65-103, or refusing to submit to a chemical test of blood, breath, or urine for the purpose of determining the alcohol or controlled substance contents of the person's blood or breath, § 5-65-205[.]
See A.C.A. § 5-65-304 for the fee chargeable for the reinstatement of an underaged person's license.
A.C.A. § 27-16-808 states in pertinent part:
 (a) The Office of Driver Services shall charge a fee of one hundred dollars ($100) for reinstating a driver's license suspended because of a conviction for any violation or offense.
I note that the fee imposed under A.C.A. § 27-16-808 appears to be in addition to the fee that is authorized by A.C.A. § 5-65-119. This conclusion is bolstered by the fact that the previous version of A.C.A. § 27-16-808 included the phrase "other than a violation of § 5-65-103 or § 5-65-303" at the end of the section quoted above. That phrase was removed by Act 1001 of 2003.
It is clear from the language of the above-quoted statutes that the two required reinstatement fees are to be charged only once for each reinstatement. I note in this regard that if a person's license was suspended or revoked, was never reinstated, and the person subsequently committed other DWI offenses, at which time the original suspension was extended, the two fees can nevertheless only be imposed once when the person seeks reinstatement. The law does not authorize imposition of the fees on the basis of the number of offenses on the offender's record; the fee is authorized only for reinstatement. If an offender's license was suspended only once, it can only be reinstated once.
Question 4 — Is it constitutional for the state to charge and collectmoney (by way of fees) as a "source of revenue" from people convicted oftraffic offenses in order to have their driver's licenses reinstated? Ifconstitutional, does the law allow such charges?
It is my opinion that the charging of fees for the reinstatement of a suspended or revoked driver's license is constitutional.
As discussed in response to Question 3, several statutory sections authorize fees for the reinstatement of a driver's license that was suspended or revoked because of a DWI offense. See A.C.A. §§ 5-65-119;5-65-304; 27-16-808. These statutes also outline the manner in which these fees are to be distributed. The Arkansas Supreme Court has apparently never addressed a constitutional challenge to these provisions in a published opinion. I note that statutes are presumed to be constitutional, and the challenger bears the burden of showing otherwise. The courts will strike down a statute as unconstitutional only when there is a clear incompatibility between the statute and the constitution; the courts will sustain a statute unless it appears to be clearly outside the scope of reasonable and legitimate regulation. Jegleyv. Picado, 349 Ark. 600, 80 S.W.3d 332 (2002).
I presume that your constitutional concern arises out of the principle of "double jeopardy," see U.S. Const., Am. 5; Ark. Const., Art. 2, § 8, which not only protects against multiple prosecutions, but also protects against multiple punishments. See, e.g., Cummings v. State,353 Ark. 618, 637, 110 S.W.3d 272, ___ (2003). It is well established that the principle of double jeopardy is not implicated by civil proceedings and sanctions. See, e.g., Pyron v. State, 330 Ark. 88, 953 S.W.2d 874
(1997). In determining whether a particular requirement constitutes "punishment" for double jeopardy purposes, the court applies a two-part test. Under that test, the court will first ask whether the legislature intended for the requirement to be a remedial civil sanction or a criminal penalty. Second, the court will ask whether the requirement is so punitive in nature as to establish that it may not legitimately be viewed as civil in nature, "despite any legislative intent to establish a civil remedial mechanism." Pyron v. State, 330 Ark. 88, 90,953 S.W.2d 874 (1997), quoting Sims v. State, 326 Ark. 296, 298,930 S.W.2d 381, 392
(1996) and citing United States v. Ursery, 116 S. Ct. 2135
(1996).
It is clear that the legislature did not intend the reinstatement fee to constitute a criminal penalty and that it is not punitive in nature. This conclusion is unavoidable given the fact that a fee is imposed for the reinstatement of any suspended or revoked driver's license — not only those that are reinstated under the provisions of A.C.A. § 5-65-119,5-65-304, or 27-16-808, discussed previously. See, e.g., A.C.A. §27-16-508. Moreover, a fee is imposed even upon first time applicants for drivers' licenses as well as upon persons seeking to renew their driver's licenses. See A.C.A. § 27-16-801.
For these reasons, I must conclude that the reinstatement fee was not intended to be punitive, nor is it in fact punitive. Accordingly, the imposition of this fee does not constitute a multiple punishment in violation of the constitutional principle of double jeopardy. Moreover, the fee does not, in my opinion, violate any other constitutional principle.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
[1] It should be noted that the offender will be required to pay additional separate fees for the program itself, see A.C.A. § 5-65-115, as well as criminal fines. See A.C.A. § 5-65-112.