Raymond VANCLEAVE *v.*
ARKANSAS DEPARTMENT of HEALTH
& HUMAN SERVICES

CA 06-1059                                    254 S.W.3d 770

Court of Appeals of Arkansas
Opinion delivered April 4, 2007

*Evans & Evans Law Firm*, by: *James E. Evans, Jr.*, for appellant.

*Gray Allen Turner*, Office of Chief Counsel, for appellee.

SARAH HEFFLEY, Judge. Appellant Raymond Vancleave appeals the decision of the Arkansas Department of Health and Human Services (DHHS) to place his name on the Child Maltreatment Central Registry. Appellant argues that the administrative proceedings against him were barred by the principles of double jeopardy and res judicata due to a prior criminal trial involving the same allegations of sexual abuse in which he was found not guilty. We find no error and affirm.

Between February 17, 2001, and March 16, 2001, the state child abuse hotline received reports of alleged sexual abuse of five juveniles by appellant. These allegations were investigated by officers with the Arkansas State Police Crimes Against Children Division (CACD), on behalf of DHHS Division of Children and Family Services. Based on these investigations, findings of child maltreatment were entered against appellant on March 20, 2001, and appellant was placed on the Child Maltreatment Central Registry pursuant to Ark. Code Ann. § 12-12-505 (Repl. 1999). On June 21, 2001, appellant was found not guilty beyond a reasonable doubt on all counts in a criminal proceeding based upon the same set of facts and circumstances.

Appellant then filed an appeal with the Appeals and Hearings Office of DHHS, requesting an administrative hearing to determine whether a preponderance of the evidence existed to support the CACD's findings. A telephone hearing was held October 15, 2002, and in an order dated May 30, 2003, the Administrative Law Judge (ALJ) affirmed the agency's decision on all findings and ordered that appellant's name remain on the central registry.

Specifically, the ALJ found that (1) the victims were both competent and credible, and (2) DHHS had proven by a preponderance of the evidence that appellant had sexually abused three of the five juveniles. Appellant appealed this decision to the Circuit Court of Washington County, and in an order dated June 1, 2004, the circuit judge found that the record made in the administrative hearing was incomplete and that appellant was denied the right of cross-examination of a witness. The circuit court thus remanded for a new hearing to be conducted in-person.

On remand, a hearing was held on April 6, 2005, and May 19, 2005. The ALJ again found the victims to be competent and credible, found a preponderance of the evidence to support the agency's decision, and affirmed DHHS's determination. The ALJ specifically noted that "[t]he petitioner was found not guilty in a criminal case involving the same set of facts and circumstances as the finding of child maltreatment. However, the administrative hearing was properly held as it involved [a] different burden of proof as the one required in the criminal trial." Appellant again appealed to the Circuit Court of Washington County, and in an order filed June 27, 2006, the circuit court affirmed the decision of DHHS. An appeal to this court followed.

DHHS is an "agency" as defined by the Administrative Procedure Act. *See* Ark. Code Ann. § 25-15-202(2)(A) (Supp. 2005). Review of administrative-agency decisions, by both the circuit court and appellate courts, is limited in scope. *Ark. Dep't of Human Servs. v. Bixler*, 364 Ark. 292, 219 S.W.3d 125 (2005). Our review is not directed to the decision of the circuit court, but rather to the decision of the administrative agency. *Id.* This court may reverse the agency decision if it concludes the decision is in violation of constitutional or statutory provisions or is "made upon unlawful procedure." Ark. Code Ann. § 25-15-212(h)(1) & (4) (Supp. 2005).

We note that appellant does not challenge the sufficiency of the evidence regarding the sexual abuse on appeal; therefore, a detailed recitation of those facts is not necessary. Instead, appellant argues that the administrative proceedings against him were barred by the principles of double jeopardy and res judicata. Double jeopardy provides protection against (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense. *Cummings v. State*, 353 Ark. 618, 110 S.W.3d 272 (2003). Appellant argues that DHHS is attempting to impose

"multiple punishments" on him by keeping his name on the child maltreatment registry. However, the Double Jeopardy Clause protects only against the imposition of multiple *criminal* punishments for the same offense. *Nesterenko v. Ark. Bd. of Chiropractic Exam'rs*, 76 Ark. App. 561, 69 S.W.3d 459 (2002). Appellant argues that placement on the child maltreatment registry is a "punishment" and cites the two-part test set out in *Sims v. State*, 326 Ark. 296, 930 S.W.2d 381 (1996), for determining whether a remedy is civil or criminal in nature: (1) whether the legislature intended for the statute to be a remedial, civil sanction or a criminal penalty, and (2) whether the administrative proceedings are so punitive in nature as to establish that they may not legitimately be viewed as civil in nature, despite any legislative intent to establish a civil, remedial mechanism. Appellant claims that the "penalty" imposed on him by having his name on the child maltreatment registry fails the second prong of this test.

However, upon examination of the Arkansas Child Maltreatment Act, Ark. Code Ann. § 12-12-501 et. seq. (Supp. 2005), it is clear that the purpose of the statute is to protect children who may be in danger of maltreatment, ensure the prompt investigation of suspected child maltreatment, and provide a system for the reporting of known or suspected child maltreatment. The Director of DHHS is responsible for promulgating regulations under the statute, § 12-12-502(a), and those rules and regulations are adopted pursuant to the Administrative Procedure Act. § 12-12-505(d). In addition, disclosure of any information on the registry is limited to those entities involved in child-welfare proceedings, including protective services programs; child-licensing programs; and federal, state, and local government entities needing the information to protect children from abuse or neglect. § 12-12-506(a)(2). Therefore, we find that the administrative hearing was a civil proceeding, the placing of an individual on the child maltreatment registry is a civil remedy, and appellant's argument that double jeopardy should attach is without merit.

Appellant also argues that the doctrine of res judicata applies in this case. The doctrine of res judicata has two facets: claim preclusion and issue preclusion. *Craven v. Fulton Sanitation Serv., Inc.*, 361 Ark. 390, 206 S.W.3d 842 (2005). Claim preclusion forecloses further litigation on a cause of·action, while issue preclusion forecloses further litigation in connection with a certain issue. *Id.* The doctrine of collateral estoppel, also known as issue

preclusion, bars the relitigation of issues of law or fact actually litigated by parties in the first suit. *Taylor v. Hamilton*, 90 Ark. App. 235, 205 S.W.3d 149 (2005). For collateral estoppel to apply, the following elements must be met: (1) the issue sought to be precluded must be the same as that involved in the prior litigation; (2) that issue must have been actually litigated; (3) the issue must have been determined by a valid and final judgment; (4) the determination must have been essential to the judgment. *Id.* In addition, the doctrine is applicable only when the party against whom the earlier decision is being asserted had a full and fair opportunity to litigate the issue in question. *Id.*

Appellant argues that the issue in both cases, the criminal trial and the administrative hearing, was identical, i.e. whether he had sexually abused the juveniles, and the litigation of the issue in the criminal proceeding should have precluded litigation of the issue in the administrative proceeding. He also maintains that DHHS had an opportunity to litigate the issue in question at the criminal trial, because DHHS provided the information that led to criminal charges, participated in the investigation, and provided witnesses for the State's prosecution.

First, appellant is incorrect that the same matter was at issue in both proceedings. The issue to be determined in the criminal proceeding was whether appellant was guilty of committing acts of sexual abuse, to be proven beyond a reasonable doubt; the issue to be determined in the administrative proceeding was whether appellant's name should remain on the child maltreatment registry, based on a preponderance of the evidence. These are clearly two different issues with two different standards of proof. Our supreme court dealt with a similar set of circumstances in *Edwards v. State*, 328 Ark. 394, 943 S.W.2d 600 (1997). In *Edwards*, the appellant was determined to be a potential danger to himself and others and was civilly committed after he kidnapped his attorney and threatened to kill him. Criminal charges of kidnapping and terroristic threatening were later brought against the appellant, and he moved to dismiss on grounds of double jeopardy and collateral estoppel. The court held that the State was not collaterally estopped from arguing that the defendant was not mentally ill, and thus capable of forming criminal intent on the date of abduction, as different standards for mental illness were required for civil commitment and acquittal of a criminal offense due to mental disease. Similarly, in this case, we find that the two

different burdens of proof, as well as the differing ultimate issue to be decided, preclude application of collateral estoppel. *See also Fariss v. State*, 303 Ark. 541, 798 S.W.2d 103 (1990) (holding that collateral estoppel did not bar criminal prosecution of appellant for incest after civil proceeding to determine whether appellant's adopted child was dependent-neglected).

Second, we do not agree that DHHS had a "full and fair opportunity" to participate in the criminal litigation. DHHS was not a party to the proceeding and had no part in decisions regarding the charges brought, the witnesses called, or the legal theories presented. Moreover, a party does not become bound by res judicata merely by serving as a witness. *Hogan v. Bright*, 214 Ark. 691, 218 S.W.2d 80 (1949). Therefore, we hold that the administrative hearing was not barred by the doctrine of collateral estoppel.

Appellant also argues that the administrative proceeding was barred by the doctrine of claim preclusion. The claim preclusion aspect of res judicata forecloses relitigation in a subsequent suit when: (1) the first suit resulted in a final judgment on the merits; (2) the first suit was based upon proper jurisdiction; (3) the first suit was fully contested in good faith; (4) both suits involved the same claim or cause of actions; (5) both suits involved the same parties or their privies. *Foster v. Foster*, 96 Ark. App. 109, 239 S.W.3d 1 (2006). For the same reasons as set forth above, we hold that the administrative proceeding did not involve the same claim or cause of action, nor did it involve the same parties or their privies. Accordingly, this court affirms the administrative decision made in this case.

Affirmed.

ROBBINS and GLOVER, JJ., agree.