Melvin SHOEMATE *v.* STATE of Arkansas

CR 98-1107                                          5 S.W.3d 446

Supreme Court of Arkansas
Opinion delivered December 2, 1999

*Dunham & Faught, P.A.*, by: *James Dunham*, for appellant.

*Winston Bryant*, Att'y Gen., by: *C. Joseph Cordi, Jr.*, Ass't Att'y Gen., for appellee.

PER CURIAM. Appellant, Melvin Shoemate, was found guilty by a jury of rape and was sentenced to twenty years in the Arkansas Department of Correction. The judgment and commitment order was filed of record on May 8, 1997. On June 3, 1997, appellant's wife prepared and filed a notice of appeal on appellant's behalf. However, we take judicial notice of the fact that we returned and declined to file a partial record submitted by appellant because appellant's notice of appeal was not filed by a licensed attorney or by appellant. Subsequently, on October 9, 1997, appellant by his attorney, James Steven Dunham, submitted a motion to file a belated appeal from his rape conviction. Shoemate contended that his trial counsel, L. Gray Dellinger, failed to timely

.file, within thirty days of the entry of judgment, a notice of appeal from Shoemate's conviction. In the absence of an affidavit from Mr. Dellinger admitting negligence, we remanded the matter to the trial court for the purpose of settling the record and determining if the appellant had requested that Dellinger file a notice of appeal. On March 5, 1998, the supreme court clerk received a supplemental record on remand, and on March 12, 1998, Shoemate resubmitted his motion for a belated appeal. On March 26, 1998, we denied appellant's motion for a belated appeal. *Shoemate v. State*, CR 97-1209 (March 26, 1998).

Following this denial, appellant filed a petition for postconviction relief on May 18, 1998. The trial court dismissed appellant's petition with prejudice finding his petition untimely. The court explained that there had not been an appeal from appellant's judgment of conviction. In addition, the court noted that the time for filing a petition for post conviction relief under Ark. R. Crim. P. 37 started to run on May 8, 1997, and that the ninety-day period expired on August 6, 1997. The court concluded that appellant's petition was filed 375 days after the date of entry of judgment. In response to the trial court's decision, appellant filed a motion for reconsideration which was denied. Appellant appealed the denials of his petition for postconviction relief and his motion for reconsideration. Those decisions are now before us.

Appellant argues that the trial court erred in dismissing his petition for post conviction relief as untimely because he had taken an appeal within ninety days from the judgment. Appellant contends that his wife filed the notice of appeal on June 3, 1997.

Arkansas Rule of Criminal Procedure 37.2(c) provides:

(c) If a conviction was obtained on a plea of guilty, or the petitioner was found guilty at trial and did not appeal the judgment of conviction, a petition claiming relief under this rule must be filed in the appropriate circuit court within ninety (90) days of the date of entry of judgment. If the judgment was not entered of record within ten (10) days of the date sentence was pronounced, a petition under this rule must be filed within ninety (90) days of the date sentence was pronounced.

If an appeal was taken of the judgment of conviction, a petition claiming relief under this rule must be filed in the circuit court within sixty (60) days of the date the mandate was issued by

the appellate court. In the event an appeal was dismissed, the petition must be filed in the appropriate circuit court within sixty (60) days of the date the appeal was dismissed. If the appellate court affirms the conviction but reverses the sentence, the petition must be filed within sixty (60) days of a mandate following an appeal taken after resentencing. If no appeal is taken after resentencing, then the petition must be filed with the appropriate circuit court within ninety (90) days of the entry of the judgment.

Statutes are given deference only to the extent that they are compatible with our rules, and conflicts which compromise these rules are resolved in favor of our rules. *Reed v. State*, 317 Ark. 286, 878 S.W.2d 378 (1994). The time limitations imposed in Rule 37 are jurisdictional in nature, and the circuit court may not grant relief on a untimely petition for postconviction relief. *Maxwell v. State*, 298 Ark. 329, 767 S.W.2d 303 (1989).

█ Appellant argues that Rule 37.2 uses the phrase "an appeal taken of the judgment" and the statute does not require that the appeal be perfected. He maintains that his wife had taken an appeal of his judgment when she filed a notice of appeal. This point raised by appellant appears to be controlling in this appeal. The reason that this issue is significant is because it is the only action that was attempted on appellant's behalf within the ninety-day time limitations set forth in Rule 37.2(c). Appellant's wife, however, was not a licensed attorney and could not pursue an appeal on appellant's behalf. *See Jones v. Ragland*, 293 Ark. 320, 737 S.W.2d 641 (1987); *Undem v. State Bd. of Law Examiners*, 266 Ark. 683, 587 S.W.2d 563 (1979). Consequently, her action of attempting to file a notice of appeal was of no consequence in preserving appellant's right to a direct appeal or appellant's right to file a timely petition for postconviction relief. Appellant also argues that there was never an order or mandate dismissing the appeal filed by his wife; thus, the appeal is still pending. Appellant's argument is misplaced because he ignores the fact that the notice of appeal and transcript submitted by his wife were never accepted or filed by the Clerk. Appellant was notified by letter filed on July 8, 1997, that we refused to accept his wife's notice of appeal, and our letter also set forth the reason for not accepting the appeal. In sum, we never acquired jurisdiction of the appeal.

█ For his second point, appellant contends that his Rule 37 petition was filed within sixty days of the denial of his motion for

belated appeal; thus, his petition was timely pursuant to Ark. R. Crim. P. 37.2(c). Appellant submits that Ark. R. Crim. P. 37.2 does not contemplate situations involving motions for belated appeals and that any other construction of Rule 37.2 would result in harsh, unintended, and unconstitutional results. We disagree. Rule 37.2(c) provides, in part, that "[i]f an appeal was taken of the judgment of conviction, a petition claiming relief under this rule must be filed in the circuit court within sixty (60) days of the date the mandate was issued by the appellate court." As noted above, appellant failed to take an appeal of the judgment; thus, the sixty-day time limitation set forth in Rule 37.2(c) is not applicable to the facts of this case.

■ It was appellant's burden to take prudent and diligent measures to protect his right of appeal. Here, appellant should have filed his Rule 37 petition within ninety days of his judgment of conviction despite the possibility that a motion for belated appeal might be filed. Because appellant failed to file a Rule 37 petition within ninety days of his conviction, he foreclosed his right to seek postconviction relief under Rule 37.

■ Appellant has also appealed the order denying his motion for reconsideration of the denial of his Rule 37 petition. Arkansas Rule of Criminal Procedure 37.2(d) provides:

> The decision of the court in any proceeding under this rule shall be final when the judgment is rendered. No petition for rehearing shall be considered.

Under Rule 37.2(d), the trial court lacked jurisdiction to address appellant's motion for reconsideration. Therefore, we also lack jurisdiction to entertain an appeal from the denial of that motion.

Affirmed.