Michael Anson THOMAS *v.* STATE of Arkansas

CR 00-1185                                    45 S.W.3d 818

Supreme Court of Arkansas
Opinion delivered June 14, 2001

*John W. Cone*, for appellant.

*Mark Pryor*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.

W.H. "DUB" ARNOLD, Chief Justice. Appellant, Michael Anson Thomas, brings the instant appeal challenging the Jefferson County Circuit Court's decision rescinding its April 6, 2000 order transferring his case to juvenile court. Our jurisdiction is authorized pursuant to Ark. R. Sup. Ct. 1-2(b)(1) and 1-2(d) (2000). Thomas was charged with committing a terroristic act and battery in the first degree. At the time of the offense, he was sixteen years' old. On April 4, 2000, the circuit court held a hearing pursuant to Ark. Code Ann. section 9-27-318 (Supp. 1999) and entered an order on April 6, 2000, transferring the matter to juvenile court. Approximately two weeks later, on April 20, 2000, the State filed a motion for reconsideration. Following a second hearing on June 30, 2000, the circuit court filed an order on July 5, 2000, rescinding its prior transfer order and retaining jurisdiction over appellant.

According to the trial court, it erroneously granted appellant's motion to transfer based upon inaccurate information, including a belief that the juvenile authorities possessed extended jurisdiction to take further action regarding the appellant when he turned twenty-one. In response, Thomas argued that the trial court lost jurisdiction to modify its prior order because it failed to act within thirty days of the State's filing its motion for reconsideration. In other words, the motion was deemed denied on May 22, 2000, before the hearing took place. For its part, the court explained that the matter was scheduled at the "first available date."

*Jurisdiction*

Appellant's sole point on appeal challenges the trial court's decision to retain jurisdiction. Thomas argues that the circuit court erred by rescinding its order transferring him to juvenile court because it lacked jurisdiction over him at the time it entered the order. Specifically, Thomas maintains that either the circuit court lost jurisdiction over him on April 6, 2000, the day the transfer

order was filed, or May 22, 2000, the day the State's postjudgment motion was deemed denied.

■ ■ The State responds that the circuit court's decision was proper in light of Ark. R. Crim. P. 33.3 (2000), governing posttrial motions, or Ark. R. Civ. P. 60(a) (2000), addressing motions seeking relief from a judgment, decree, or order. We disagree. Rule 33.3 applies to facts not present in the instant case, namely, when a person is "convicted of either a felony or misdemeanor." Rule 60 provides a vehicle for the trial court to correct errors or mistakes or to prevent the miscarriage of justice in civil cases. We have never applied this rule to criminal cases. *See State v. Dawson*, 343 Ark. 683, 38 S.W.3d 319 (2001); *Ibsen v. Plegge*, 341 Ark. 225, 15 S.W.3d 686 (2000); *McCuen v. State*, 338 Ark. 631, 999 S.W.2d 682 (1999).

■ Here, the State simply failed to pursue its available remedy by filing a direct and timely appeal within thirty days of the circuit court's April 6, 2000, transfer order. *See* Ark. R. App. P.—Crim. 2 (2000). In light of the State's failure to pursue an appeal from the circuit court's order transferring appellant's case to juvenile court, and the circuit court's ensuing lack of jurisdiction, this court never acquired appellate jurisdiction. Therefore, we dismiss the appeal.