v.

**STATE of Arkansas, Appellee.**

### No. CR 08–1344.

Supreme Court of Arkansas.

Sept. 10, 2009.

PER CURIAM.

## 2010 Ark. 172

**STATE of Arkansas, Appellant,**

v.

**K.H., Appellee.**

### No. 09–1197.

Supreme Court of Arkansas.

April 15, 2010.

ROBERT L. BROWN, Justice.

The State of Arkansas brings this appeal from two orders of the Pulaski County Circuit Court. The first order denied the State's petition to impose an adult sentence on appellee K.H., an extended-juvenile-jurisdiction offender. The second order denied the State's motion for an extended-juvenile-jurisdiction review hearing.[1] We dismiss the appeal.

On October 25, 2006, K.H., a seventeen-year-old male, was charged by felony information with two counts of aggravated robbery and one count of theft of property in connection with the robbery of a gas station with a shotgun. On December 4, 2006, K.H. was designated as an extended-juvenile-jurisdiction offender pursuant to Arkansas Code Annotated section 9–27–503, and his case was transferred to the Juvenile Division of the circuit court in accordance with Arkansas Code Annotated section 9–27–318(i).

In the Juvenile Division, the State filed a petition for delinquency, again charging K.H. with two counts of aggravated robbery and one count of theft of property. K.H. admitted to the allegations in the petition and was adjudicated delinquent as an extended-juvenile-jurisdiction offender under Arkansas Code Annotated section 9–27–505. Following a disposition hearing on July 24, 2007, the circuit judge imposed a juvenile disposition and suspended the imposition of an adult sentence pending court review. Specifically, K.H. was placed on probation for two years, assessed a $250 fine and a $20 per month probation fee, and ordered to complete 160 hours of community service and to make progress toward a Graduate Education Degree (GED).

Dustin McDaniel, Att'y Gen., by: Eileen W. Harrison, Ass't Att'y Gen., for appellant.

No response.

1. K.H. did not file a brief in response to the State's brief on appeal.

On December 4, 2007, the State petitioned to revoke K.H.'s probation and alleged that he had failed to report to his probation officer each week as required by the terms of his probation. The State filed a second petition for revocation on December 14, 2007, and alleged additionally that K.H. had failed to attend a GED program and had not performed any community service. After K.H. admitted to violating the terms of his probation at a hearing on the matter, the circuit judge revoked his probation, sentenced him to detention for 90 days, ordered him to make satisfactory progress toward a GED, and ruled that he would be placed on probation for an indefinite period after his release from detention. In a letter following the hearing, the circuit judge warned K.H. and his attorney that she had the authority to impose an adult sentence on K.H. if he violated his disposition order, was found guilty of another offense, or was found to deserve an adult sentence after a review hearing.

On May 5, 2008, K.H. was released from detention following a detention-review hearing. At that hearing, information was presented showing that K.H. had obtained his GED while in detention and had had no major disciplinary infractions. In the detention-review order, the circuit judge ordered that K.H. would remain on probation as originally scheduled but noted that K.H. planned to enlist in the Air Force and that, if accepted, his probation would be terminated. A status-review hearing was scheduled for July 14, 2008. At the status-review hearing, the judge learned that K.H. had been unable to join the military.

Nevertheless, the circuit judge entered an order terminating K.H.'s probation and closing the case on July 14, 2008. The order was approved by the deputy prosecuting attorney.

Over a year later, on July 21, 2009, the State petitioned to impose an adult sentence on K.H., alleging that he had committed the offenses of forgery, theft by receiving, residential burglary, and first-degree murder while under the suspension of an adult sentence.[2] The circuit judge denied the petition on August 3, 2009, because K.H.'s case had been closed on July 14, 2008. Also on August 3, 2009, the State moved for an extended-juvenile-jurisdiction review hearing.[3] The State recognized that the case had been closed but asserted that the circuit court, nevertheless, retained jurisdiction over K.H. until his twenty-first birthday under Arkansas Code Annotated sections 9–27–306(a)(1)(A)(ii) and 9–27–507(e)(1) and that the circuit court was required to hold an extended-juvenile-jurisdiction review hearing no later than six months before K.H.'s twenty-first birthday under section 9–27–507(e)(1).

K.H. responded that he had completed his probation, his case had been closed with the State's approval, and the circuit court no longer had jurisdiction. In addition, he argued that if the State had objected to the closing of his case, it should not have approved the case-closing order or, in the alternative, it should have brought an appeal from that order. K.H. further asserted that the reopening of his

---

2. All of the offenses were alleged to have occurred after the circuit judge's order closing K.H.'s case on July 14, 2008. The forgery offense was alleged to have occurred on July 22, 2008; the murder offense on August 6, 2008; the theft-by-receiving offense on March 9, 2009; and the residential-burglary offense on April 17, 2009.

3. That same day, K.H. was convicted of felony residential burglary, attempted residential burglary, and theft by receiving in the circuit court and sentenced to ten years in the Arkansas Department of Correction, with two years suspended.

closed case would violate several of his constitutional rights.

Following a hearing on the matter, the circuit judge denied the State's motion for an extended-juvenile-jurisdiction review hearing in an order dated September 1, 2009, and found in pertinent part as follows:

The Court denies the State's Motion for an extended juvenile jurisdiction review because the Court closed the case on July 14, 2008 and will not reopen the case to hold the mandatory extended juvenile jurisdiction review. The Court finds such action would be violative of the juvenile's right to due process and to not be subjected to additional sanctions after his case has been closed, the time for any appeal or post adjudication motions has run, and he has been assured that he is free from additional court jurisdiction on the particular case that has been closed.

*The Court notes that it erred in closing the case on July 14, 2008 before holding the mandatory review for extended juvenile jurisdiction cases, as required by A.C.A. § 9–27–507(e)(1). The Court notes, since neither the juvenile nor the State filed a petition to review and modify the court disposition, it was the Court's responsibility to set the mandatory review hearing no later than six (6) months before the juvenile's 21st birthday, since the juvenile was 17 at the time the extended juvenile jurisdiction petition was filed.*

. . . .

Not only did the Court err, the State erred. The State did not object to the Court closing the case, the State did not appeal the order closing the case, and the State did not file a motion for reconsideration of the order closing the case. The jurisdiction statutes the State cited in its motion and in its oral arguments today are ones that would be applicable if the Court had kept jurisdiction as it was required to so do. The mandatory provisions of the statutes regarding jurisdiction presume there is an open case. Here, there is no open case, and the Court's opportunity and ability, legally, to take up the matters requested in the State's motion have long passed.

. . . .

When the Court closed the case, it did so with the understanding and intent that it would no longer have any jurisdiction over this juvenile on this particular case. Per A.C.A. § 9–27–306, this Court—the juvenile division of Circuit Court—has exclusive original jurisdiction of and shall be the sole court for (among other matters) proceedings in which a juvenile is alleged delinquent. . . . The Court *may* retain jurisdiction of a juvenile delinquent up to 21 years of age if the juvenile committed the delinquent act prior to eighteen (18) years of age. The word "may" is the determining factor. The Court chose to close the case and did so.

(Emphasis added.)

The State now appeals the denial of its petition to impose an adult sentence and the denial of its motion for an extended-juvenile-jurisdiction review hearing. It contends that the circuit judge did not have the authority or the discretion to divest itself of jurisdiction under the Extended Juvenile Jurisdiction Act until a final review hearing was held pursuant to section 9–27–507. Instead, the State asserts that the circuit judge retained subject-matter jurisdiction to modify the suspended sentence until K.H. reached the age of twenty-one.

Before addressing the merits of this case, this court must first determine whether this is a proper issue for resolu-

tion in a State appeal.[4] In delinquency cases, the State may appeal under those circumstances that would permit the State to appeal in criminal proceedings. Ark. R. App. P.-Civil 2(c)(1). We have frequently observed the significant and inherent difference between appeals brought by criminal defendants and those brought on behalf of the State. *State v. Mancia–Sandoval,* 2010 Ark. 134, 361 S.W.3d 835. The former is a matter of right, whereas the latter is not derived from the constitution; nor is it a matter of right but is granted pursuant to Rule 3 of the Arkansas Rules of Appellate Procedure–Criminal. *Id.* Accordingly, the State's ability to appeal in criminal cases is strictly limited to those cases described under Rule 3. *See State v. Johnson,* 2010 Ark. 77, 360 S.W.3d 104.

Rule 3 of the Arkansas Rules of Appellate Procedure–Criminal provides in pertinent part as follows:

(a) An interlocutory appeal on behalf of the state may be taken only from a pretrial order in a felony prosecution which (1) grants a motion under Ark. R.Crim. P. 16.2 to suppress seized evidence, (2) suppresses a defendant's confession, or (3) grants a motion under Ark.Code Ann. § 16–42–101(c) to allow evidence of the victim's prior sexual conduct. The prosecuting attorney shall file, within ten (10) days after the entering of the order, a notice of appeal together with a certificate that the appeal is not taken for the purposes of delay and that the order substantially prejudices the prosecution of the case. Further proceedings in the trial court shall be stayed pending determination of the appeal.

(b) Where an appeal, other than an interlocutory appeal, is desired on behalf of the state following either a misdemeanor or felony prosecution, the prosecuting attorney shall file a notice of appeal within thirty (30) days after entry of a final order by the trial judge.

(c) When a notice of appeal is filed pursuant to either subsection (a) or (b) of this rule, the clerk of the court in which the prosecution sought to be appealed took place shall immediately cause a transcript of the trial record to be made and transmitted to the attorney general, or delivered to the prosecuting attorney, to be by him delivered to the attorney general. If the attorney general, on inspecting the trial record, is satisfied that error has been committed to the prejudice of the state, and that the correct and uniform administration of the criminal law requires review by the Supreme Court, he may take the appeal by filing the transcript of the trial record with the clerk of the Supreme Court within sixty (60) days after the filing of the notice of appeal.

As a matter of practice, this court only takes State appeals that are narrow in scope and involve the interpretation of the law. *E.g., Mancia–Sandoval,* 2010 Ark. 134, at 4, 361 S.W.3d at 838. We will not allow the State to bring an appeal merely to show that the circuit judge erred. *Id.* If a decision on the merits of the State's appeal would not be important to the correct and uniform administration of the criminal law, we will dismiss the State's appeal. *See, e.g., State v. Short,* 2009 Ark. 630, 361 S.W.3d 257.

We have said, in addition, that an appeal that does not present an issue of interpretation of the criminal law that

---

4. Although K.H. did not file a responsive brief in this matter and, thus, did not raise the issue of the propriety of the State's appeal, this court nevertheless has a duty to raise the question as it is a matter of subject-matter jurisdiction. *See, e.g., State v. Nichols,* 364 Ark. 1, 216 S.W.3d 114 (2005).

would have widespread ramifications or establish important precedent is one that does not involve the correct and uniform administration of the criminal law. *See, e.g., State v. Moreno,* 371 Ark. 336, 265 S.W.3d 751 (2007); *State v. Gray,* 330 Ark. 364, 955 S.W.2d 502 (1997). Nor does an appeal that turns on facts unique to the case or involves a mixed question of law and fact involve the correct and uniform administration of the criminal law. *E.g., Short,* 2009 Ark. 630, at 3–4, 361 S.W.3d at 260. Moreover, where an appeal involves the circuit judge's application of the law rather than its interpretation, we have held that the appeal is not one that is important to the correct and uniform administration of the criminal law. *Id.*

The State has presented the following issue in this appeal: whether the circuit judge erred by finding that it had the authority to relinquish subject-matter jurisdiction over an extended-juvenile-jurisdiction offender without first holding a final review hearing pursuant to Arkansas Code Annotated section 9–27–507. Because this issue arose after the circuit judge admittedly erred by closing K.H.'s case without holding a final review hearing as clearly required by section 9–27–507, we cannot say that it is an issue likely to rearise. The reason for our conclusion is that what precipitated the State's issue regarding jurisdiction is the judge's admitted error. That unique circumstance giving rise to the State's issue on appeal necessarily reduces any hint of widespread ramifications by our decision on this point. Hence, it is not important to the correct and uniform administration of the law.

Moreover, this appeal must be dismissed because it is not an appeal "follow-ing either a misdemeanor or felony prosecution" as required by Rule 3. In *State v. Hurst,* 296 Ark. 132, 752 S.W.2d 749 (1988), this court held that the State was not empowered by Rule 36.10(b), the predecessor to Rule 3, to appeal from a dismissal by a circuit court of a petition to revoke a felon's probation because the appeal "did not follow a misdemeanor or felony prosecution, but rather a revocation of probation proceeding."[5] We reaffirmed this holding with respect to Rule 3 in *State v. Rice,* 329 Ark. 219, 947 S.W.2d 3 (1997) (State may not appeal the dismissal of a revocation petition because it is not an appeal following a misdemeanor or felony prosecution in accordance with Rule 3).

In the instant case, the State attempts to appeal from an order denying a petition to impose an adult sentence and from an order denying a motion for an extended-juvenile-jurisdiction review. The State claims that K.H. committed felony offenses while on a suspended sentence as a juvenile and that the judge closed the case without holding the required extended-juvenile-jurisdiction hearing. We conclude that these appeals are not appeals following a misdemeanor or felony prosecution but are more analogous to an appeal from the revocation of a suspended sentence, which we have held is an improper State appeal. Accordingly, this appeal must be dismissed because it does not fall within the ambit of Rule 3. *See Hurst, supra; Rice, supra.*

Appeal dismissed.

---

**5.** Arkansas Rule of Criminal Procedure 36.10(b) provided as follows:

Where an appeal, other than an interlocutory appeal, is desired on behalf of the state following either a misdemeanor or felony prosecution, the prosecuting attorney shall file a notice of appeal within thirty (30) days after entry of a final order by the trial judge.