CLIFF HOOFMAN, Justice, dissenting. Because this is a not a proper State appeal, I respectfully dissent. In juvenile-delinquency cases, the State may appeal “only under those | ^circumstances that would permit it to appeal in criminal proceedings.” Ark. R.App. P.-Civ. 2(c)(1) (2013); see also Ark.Code Ann. § 9-27-343(b) (Repl.2009). Hence, Rule 2(c)(1) directs us to Rule 3 of the Arkansas Rules of Appellate Procedure — Criminal, which governs the circumstances that permit the State to appeal in criminal proceedings. Although I agree with the majority that the State need not comply with the requirements of Rule 3 in a case involving an adult criminal defendant where the appeal is from a proceeding that is “civil in nature,” that principle is inapplicable in the juvenile-delinquency context because the plain language of Rule 2(c)(1) and section 9-27-343(b) specifically requires that the State may appeal only under those circumstances that would permit it to appeal in criminal proceedings. Neither the rule nor the statute allows for the State to appeal delinquency proceedings that are “civil in nature.” This distinction is critical because delinquency cases are civil proceedings. See State v. R.H., 2009 Ark. 564, at 4, 2009 WL 3789600 (“Juvenile matters are considered civil in nature.”); Gilliam v. State, 305 Ark. 438, 808 S.W.2d 738 (1991) (per curiam) (noting that delinquency proceedings are not penal in nature and are essentially civil proceedings). Moreover, a close examination of State v. Burnett, 368 Ark. 625, 249 S.W.3d 141 (2007) and its progeny supports this conclusion. In those cases, the reason we held that the State was not required to comply with Rule 3 was because the State was not appealing from a criminal proceeding. Rather, the State was allowed to appeal without following the strictures of Rule 3 because it was “neither a direct nor an interlocutory appeal following a prosecution, but ... a civil appeal arising from a collateral proceeding.” 368 Ark. at 626, 249, S.W.3d at 142. In other words, compliance with Rule 3 was simply not necessary where the appeal was from a civil proceeding and not a criminal proceeding. To employ the principle as explained in Burnett to a juvenile-delinquency case is at odds with the rule that in delinquency cases, the State is required to bring an appeal only as permitted in criminal proceedings. Despite the clear directive in both Rule 2(c)(1) and section 9-27-343(b) that the State may appeal in a delinquency case only under those circumstances that would permit it to appeal in a criminal proceeding, the result of the majority’s decision requires the State to comply with Rule 3 to appeal delinquency matters that are “criminal in nature” but allows it to appeal any delinquency matter that is “civil in nature” without restriction. In my opinion, this is in direct conflict with the plain language of both the rule and the statute. Consequently, I would not apply the “civil in nature” exception to delinquency appeals.[1] As for whether the State has complied with Rule 3 in this particular case, I would conclude that the State’s appeal is improper. Rule 3 of the Arkansas Rules of Appellate Procedure — Criminal provides in pertinent part: | in(b) Where an appeal, other than an interlocutory appeal, is desired on behalf of the state following either a misdemeanor or felony prosecution, the prosecuting attorney shall file a notice of appeal within thirty (30) days after entry of a final order by the trial judge. (c) When a notice of appeal is filed pursuant to either subsection (a) or (b) of this rule, the clerk of the court in which the prosecution sought to be appealed took place shall immediately cause a transcript of the trial record to be made and transmitted to the attorney general, or delivered to the prosecuting attorney, to be by him delivered to the attorney general. If the attorney general, on inspecting the trial record, is satisfied that error has been committed to the prejudice of the state, and that review by the Supreme Court is desirable under this rule, he may take the appeal by filing the transcript of the trial record with the clerk of the Supreme Court within sixty (60) days after the filing of the notice of appeal. Ark. R.App. P.-Crim. 3 (2013). First, it is clear from Rule 3(c) that, although the prosecuting attorney may file the notice of appeal, the attorney general is responsible for reviewing the trial record, determining whether there was prejudicial error to the State, and taking the appeal by lodging the record. See City of Little Rock v. Tibbett, 301 Ark. 376, 784 S.W.2d 163 (1990) (holding that where record reflected that the city pursued the appeal independently of the attorney general’s office, the State had not complied with Arkansas Rule of Criminal Procedure 36.10, the predecessor to Rule 3). In this instance, the appellate case file and docket reveal that Jodi Carney, the deputy prosecutor below, lodged the record on November 28, 2012. On December 3, 2012, the attorney general’s office checked out the record. On December 12, 2012, David Raupp, Senior Assistant Attorney General, wrote a letter to the clerk of this court “advis[ing] that Appellant’s counsel in the referenced case will be Jodi G. Carney, the deputy prosecuting attorney who lodged the record.” The appellant’s brief in this case was filed by Ms. Carney. | nClearly, the attorney general did not follow the procedure outlined in Rule 3(c) because Ms. Carney, not the attorney general, lodged the record. Moreover, the only evidence that the attorney general reviewed the transcript as required by Rule 3(c) is that the attorney general’s office checked out the record after Ms. Carney had lodged it. Yet, the letter from the attorney general’s office does not attempt to authorize Ms. Carney to pursue the appeal on the attorney general’s behalf; rather, the letter simply states that Ms. Carney will be the attorney of record for the State. Consequently, Ms. Carney, not the attorney general, is pursuing the appeal. Under these circumstances, I would dismiss the appeal simply because it was not pursued in accordance with Rule 3(c). Alternatively, Rule 3 limits the State’s ability to appeal in criminal proceedings to three limited categories of interlocutory appeals or from a final order folio wing a misdemeanor or felony prosecution. In State v. K.H., 2010 Ark. 172, 368 S.W.3d 46, this court dismissed an appeal by the State in a delinquency case where the appeal did not follow “either a misdemeanor or felony prosecution” as required by Rule 3. There, the State attempted to appeal from an order denying a petition to impose an adult sentence and from an order denying a motion for an extended-juvenile-jurisdiction review. Id. at 9-10, 368 S.W.3d at 51. We concluded that the appeal was not from a felony prosecution but was more analogous to an appeal from a revocation of a suspended sentence, which we had held was improper for a State appeal. Id. Here, V.H. was placed on the sex-offender registry as a juvenile pursuant to Arkansas Code Annotated section 9-27-356. The State brings its appeal from the circuit court’s grant |12of V.H.’s petition to be removed from the registry. Clearly, this is not an appeal that falls within the scope of one of the three limited types of interlocutory appeals provided by Rule 3(a). Therefore, to be a proper State appeal it must be an appeal following a misdemeanor or felony prosecution. Based on the reasoning in State v. K.H., this is not an appeal following a felony prosecution and, thus, it is not proper for appeal by the State. Because the State is restrained by court rule and statute from appealing in delinquency cases except as explicitly provided by Rule 3, and here it failed to comply with those requirements, I would dismiss this appeal. BAKER and HART, JJ., join in this dissent. . Although I acknowledge that this may lead to inconsistencies between delinquency appeals and their adult counterparts, see, e.g., State v. Miller, 2013 Ark. 329, 2013 WL 5306066 (holding that the State need not satisfy Rule 3 in an appeal from an order terminating an adult offender's obligation to register as a sex offender), we have consistently recognized that "juvenile offenders are not adult prisoners and are not treated as such. Although some overlapping occurs, the entire process and the purpose of the juvenile code set it apart from the criminal code and many of the considerations involved in dealing with juvenile offenders are significantly different.” Robinson By & Through Robinson v. Shock, 282 Ark. 262, 265, 667 S.W.2d 956, 958 (1984).